```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
FRED D. EVANS,
```

|  |  |
|---|---|
| Plaintiff, | ORDER |
| -against- | 05-CV-0716 (ADS)(JO) |

```
NORTHSHORE HOSPITAL,

                    Defendant.
-------------------------------------------------X
```
**APPEARANCES:**

**FRED D. EVANS**
Plaintiff, <u>Pro</u> <u>Se</u>
3 Stanley Lane
New Hyde Park, New York 11040

**CLIFTON, BUDD & DEMARIA, LLP**
Attorneys for the Defendant
420 Lexington Avenue, Suite 420
New York, New York 10170
     By:    Shaffin Abdul Datoo, Esq., Of Counsel

**SPATT, District Judge:**

      Presently before the Court are two Report and Recommendations each dated April 11, 2005 by United States Magistrate Judge James Orenstein recommending: (1) that the request by the defendant North Shore Hospital ("North Shore" or the "Defendant") that the *pro se* plaintiff Fred Evan's ("Evan" or the "Plaintiff") case be dismissed for failure to prosecute be denied without prejudice and that North Shore's request for an order compelling Evan's response to its discovery requests be granted; and (2) that this case be consolidated with a previously filed complaint by Evans

against North Shore.  *See Evans v. North Shore University Hospital*, 04-CV-0015 (DRH) (JO).

The Defendant did not object to Judge Orenstein's recommendation that the motion to dismiss be denied without prejudice.  Accordingly, this Recommendation is adopted in its entirety.  *Small v. Secretary of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989) (*per curiam*) (failure to file objections results in a waiver of further judicial review of a magistrate's decision).

The Court now turns to the second Report and Recommendation which recommended that this case be consolidated with an earlier complaint by Evans against North Shore.  Despite the Plaintiff's one-sentence, conclusory objection to this Report and Recommendation, a review of the record reveals that both actions stem from Evan's prior employment with North Shore and his subsequent termination.  In fact, it appears that the only difference in the two actions is that in the first action, the Plaintiff claimed discrimination based on race, color, and religion, whereas in the second action, the Plaintiff added to those claims by including claims for disability discrimination.

Accordingly, pursuant to Fed. R. Civ. P. 42(a) and Local Civil Rule 50.3, the Report and Recommendation recommending consolidation with *Evans v. North Shore University Hospital*, 04-CV-0015 (DRH) (JO) is adopted in its entirety.

Based on the foregoing, it is hereby

**ORDERED**, that the Report and Recommendation of Judge Orenstein dated April 11, 2005 recommending that the Court deny the Defendant's motion to dismiss without prejudice and grant the Defendant's motion to compel the Plaintiff's discovery responses is adopted in its entirety; and it is further

**ORDERED**, that the Report and Recommendation of Judge Orenstein dated April 11, 2005 recommending that this action be consolidated with *Evans v. North Shore University Hospital*, 04-CV-0015 (DRH) (JO) is adopted in its entirety; and it is further

**ORDERED**, that 05CV0716(ADS)(JO) is consolidated for all purposes with 04CV0015; that the two cases be consolidated under 04CV0015, which shall be referred to as the lead case; that the clerk is directed to docket all papers filed in both cases under 04CV0015; and that 05CV0716 is transferred to United States District Judge Denis R. Hurley for the reasons stated above.

**SO ORDERED.**

Dated: Central Islip, New York
       May 20, 2005

                                              <u>ARTHUR D. SPATT</u>
                                                United States District Judge